**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

MEDPRO, INC. and PHYSICIANS                :          CIVIL ACTION NO. 08-CV-3426
INFORMATION SERVICES, INC., a Joint   :
Venture, MICHAEL MORENO, and          :          Judge Jerome B. Simandle
JUSTIN WILLIAMS,                                      :
                                                                    :
                                    Plaintiffs,            :
                                                                    :
                    v.                                           :
                                                                    :
SYNERON, INC., RORY TRINGALI and   :
MATHEW JUSTIN WILLNER,                    :
                                                                    :
                                    Defendants.         :

**ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM**
**OF DEFENDANT SYNERON, INC. TO PLAINTIFFS' COMPLAINT**

Defendant, Syneron, Inc. ("**Syneron**"), by and through its attorneys, hereby files the following answer, with affirmative defenses and cross-claim to the complaint of plaintiffs, Medpro, Inc. ("**Medpro**"), Physicians Information Services, Inc. ("**PIS**"), Michael Moreno ("**Moreno**") and Justin Williams ("**Williams**") (collectively, the "**plaintiffs**"), and states as follows:

**FIRST AFFIRMATIVE DEFENSE**

**Answer**

**Allegations As To Parties**

1.          Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, and therefore denies them.

2.          Denied.    After reasonable investigation, Syneron is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, and therefore denies them.

3.      Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint, and therefore denies them.

4.      Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, and therefore denies them.

5.      Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and therefore denies them.

6.      Admitted in part.  Denied in part.  It is admitted only that Syneron has a sales office located in Irvine, California that is engaged in the sale of new laser equipment.  The remaining allegations contained in paragraph 6 are denied.

7.      Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore denies them.  By way of further answer, the allegations in paragraph 7 of the complaint constitute conclusions of law to which no responsive pleading is required.

8.      Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and therefore denies them.

9.      Denied.  Paragraph 9 of the complaint does not contain allegations of fact that require a responsive pleading.

2

## Allegations As To Jurisdiction And Venue

10.      Denied.  The allegations contained in paragraph 10 of the complaint constitute conclusions of law to which no responsive pleading is required.

11.      Denied.  The allegations contained in paragraph 11 of the complaint constitute conclusions of law to which no responsive pleading is required.

12.      Denied.  The allegations contained in paragraph 12 of the complaint constitute conclusions of law to which no responsive pleading is required.

13.      Denied.  The allegations contained in paragraph 13 of the complaint constitute conclusions of law to which no responsive pleading is required.

14.      Denied.  The allegations contained in paragraph 14 of the complaint constitute conclusions of law to which no responsive pleading is required.

15.      Denied.  The allegations contained in paragraph 15 of the complaint constitute conclusions of law to which no responsive pleading is required.

## Facts Alleged As Common To All Counts

16.      Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, and therefore denies them.

17.      Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, and therefore denies them.

18.      Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, and therefore denies them.

19.      Denied.   After reasonable investigation, Syneron is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, and therefore denies them.

20.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint, and therefore denies them.

21.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint, and therefore denies them.

22.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint, and therefore denies them.  By way of further answer, the allegations contained in paragraph 22 of the complaint refer to one or more web sites which should be reviewed for their respective content.  To the extent that plaintiffs mischaracterize the content of those web sites, Syneron denies those mischaracterizations.

23.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint, and therefore denies them.  By way of further answer, the allegations contained in paragraph 23 of the complaint refer to one or more web sites which should be reviewed for their respective content.  To the extent that plaintiffs mischaracterize the content of those web sites, Syneron denies those mischaracterizations.

24.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint, and therefore denies them.

25.     Denied.   After reasonable investigation, Syneron is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint, and therefore denies them.

26.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, and therefore denies them.

27.     Denied.

28.     Denied.

29.     Denied as to Syneron.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the complaint with respect to Medpro, and therefore denies them.

30.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint with respect to Medpro, and therefore denies them.

31.     Denied.

32.     Denied.  The allegations contained in paragraph 32 of the complaint refer to a web site which should be reviewed for its content.  To the extent that plaintiffs mischaracterize the content of that web site, Syneron denies those mischaracterizations.

33.     Admitted.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.  With respect to the allegations pertaining to Mathew Justin Willner ("**Willner**") in paragraph 37 of plaintiffs' complaint, after reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of those allegations,

and therefore denies them.

38.    Denied.

39.    Denied as to Syneron.  With respect to the allegations contained in paragraph 39 of the complaint that pertain to Rory Tringali ("**Tringali**") and Willner, Syneron denies those allegations as not pertaining to Syneron.

40.    Denied as to Syneron.  With respect to the allegations contained in paragraph 40 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.  The allegations contained in paragraph 40 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

41.    Denied as to Syneron.  With respect to the allegations contained in paragraph 41 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.  The allegations contained in paragraph 41 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

42.    Denied as to Syneron.  With respect to the allegations contained in paragraph 42 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.  The allegations contained in paragraph 42 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

43.    Denied.  After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint, and therefore denies them.  With respect to the allegations contained in paragraph 43 of the complaint that pertain to Tringali and Willner, Syneron denies those

allegations as not pertaining to Syneron.  The allegations contained in paragraph 43 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

44.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint, and therefore denies them.  With respect to the allegations contained in paragraph 44 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

45.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, and therefore denies them.  With respect to the allegations contained in paragraph 45 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.  The allegations contained in paragraph 45 of the complaint also refer to one or more Internet search engines, which should be reviewed for their respective content.  To the extent that plaintiffs mischaracterize the content of those Internet search engines, Syneron denies those mischaracterizations.

46.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint, and therefore denies them.  With respect to the allegations contained in paragraph 46 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

**<u>Count I</u>**

**<u>Alleged Violation Of The Computer Fraud And Abuse Act 18 U.S.C. § 1030 et seq.</u>**

47.     Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 46 above.

48.     Denied.   As to Syneron, the allegations contained in paragraph 48 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 48 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

49.     Denied.  The allegations contained in paragraph 49 of the complaint constitute conclusions of law to which no responsive pleading is required.

50.     Denied.

51.     Denied.   As to Syneron, the allegations contained in paragraph 51 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 51 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

52.     Denied.   As to Syneron, the allegations contained in paragraph 52 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 52 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

53.     Denied as to Syneron.  With respect to the allegations contained in paragraph 53 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

## Count II

## Alleged False Designation of Origin Under the Lanham Act

54.      Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 53 above.

55.      Denied.  The allegations contained in paragraph 55 of the complaint constitute conclusions of law to which no responsive pleading is required.  By way of further answer, after reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint, and therefore denies them.

56.      Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint, and therefore denies them.

57.      Denied as to Syneron.  With respect to the allegations contained in paragraph 57 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

58.      Denied as to Syneron.  With respect to the allegations contained in paragraph 58 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

59.      Denied.   As to Syneron, the allegations contained in paragraph 59 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 59 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

60.      Denied.   As to Syneron, the allegations contained in paragraph 60 of the complaint constitute conclusions of law to which no responsive pleading is required.   With

respect to the allegations contained in paragraph 60 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

## Count III

### Alleged Common Law Infringement and Unfair Competition

61.    Denied.  Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 60 above.

62.    Denied.   As to Syneron, the allegations contained in paragraph 62 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 62 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

63.    Denied.   As to Syneron, the allegations contained in paragraph 63 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 63 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

64.    Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint, and therefore denies them.

## Count IV

### Alleged Infringement and Unfair Competition in Violation of N.J.S.A. §56:4:1

65.    Denied.  Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 64 above.

66.    Denied.   As to Syneron, the allegations contained in paragraph 66 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 66 of the complaint that pertain to Tringali and

Willner, Syneron denies those allegations as not pertaining to Syneron.

67.     Denied.   As to Syneron, the allegations contained in paragraph 67 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 67 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

68.     Denied.   After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the complaint, and therefore denies them.

## Count V

### Alleged Conversion

69.     Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 68 above.

70.     Denied.   As to Syneron, the allegations contained in paragraph 70 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 70 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

71.     Denied.   As to Syneron, the allegations contained in paragraph 71 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 71 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

72.     Denied.   As to Syneron, the allegations contained in paragraph 72 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 72 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

73.      Denied.    After reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint, and therefore denies them.

## Count VI

## Alleged Tortious Interference

74.      Denied.  Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 73 above.

75.      Denied.  The allegations contained in paragraph 75 of the complaint constitute conclusions of law to which no responsive pleading is required.

76.      Denied.   As to Syneron, the allegations contained in paragraph 76 of the complaint constitute conclusions of law to which no responsive pleading is required.  With respect to the allegations contained in paragraph 76 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

77.      Denied.   As to Syneron, the allegations contained in paragraph 77 of the complaint constitute conclusions of law to which no responsive pleading is required.  With respect to the allegations contained in paragraph 77 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

78.      Denied.   As to Syneron, the allegations contained in paragraph 78 of the complaint constitute conclusions of law to which no responsive pleading is required.  With respect to the allegations contained in paragraph 78 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

79.      Denied.   As to Syneron, the allegations contained in paragraph 79 of the complaint constitute conclusions of law to which no responsive pleading is required.  With respect to the allegations contained in paragraph 79 of the complaint that pertain to Tringali and

Willner, Syneron denies those allegations as not pertaining to Syneron.

80.     Denied.   As to Syneron, the allegations contained in paragraph 80 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 80 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

## Count VII

### Alleged Trespass to Chattels

81.     Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 80 above.

82.     Denied.   As to Syneron, the allegations contained in paragraph 82 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 82 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

83.     Denied.   As to Syneron, the allegations contained in paragraph 83 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 83 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

84.     Denied.   As to Syneron, the allegations contained in paragraph 84 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 84 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

## Count VIII

## Alleged Violation Of New Jersey Computer Fraud Act 2A:38A-3

85.     Denied.  Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 84 above.

86.     Denied.  The allegations contained in paragraph 86 of the complaint constitute conclusions of law to which no responsive pleading is required.

87.     Denied.   As to Syneron, the allegations contained in paragraph 87 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 87 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

88.     Denied.   As to Syneron, the allegations contained in paragraph 88 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 88 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

89.     Denied.   As to Syneron, the allegations contained in paragraph 89 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 89 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

90.     Denied.   As to Syneron, the allegations contained in paragraph 90 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 90 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

## Count IX

### Alleged Violation Of Can Spam Act 15 U.S.C. §7703, et seq.

91.　　　Denied.　Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 90 above.

92.　　　Denied.　The allegations contained in paragraph 92 of the complaint constitute conclusions of law to which no responsive pleading is required.　By way of further answer, after reasonable investigation, Syneron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the complaint, and therefore denies them.

93.　　　Denied.　As to Syneron, the allegations contained in paragraph 93 of the complaint constitute conclusions of law to which no responsive pleading is required.　With respect to the allegations contained in paragraph 93 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.　The allegations contained in paragraph 93 of the complaint also refer to emails which should be reviewed for their content.　To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

94.　　　Denied.　As to Syneron, the allegations contained in paragraph 94 of the complaint constitute conclusions of law to which no responsive pleading is required.　With respect to the allegations contained in paragraph 94 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.　The allegations contained in paragraph 94 of the complaint also refer to emails which should be reviewed for their content.　To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

95.    Denied.   As to Syneron, the allegations contained in paragraph 95 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 95 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.   The allegations contained in paragraph 95 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

96.    Denied.   As to Syneron, the allegations contained in paragraph 96 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 96 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.   The allegations contained in paragraph 96 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

97.    Denied.   As to Syneron, the allegations contained in paragraph 97 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 97 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.   The allegations contained in paragraph 97 of the complaint also refer to emails which should be reviewed for their content.  To the extent that plaintiffs mischaracterize the content of those emails, Syneron denies those mischaracterizations.

## Count X

### Alleged Intentional Infliction of Emotional Distress

98.     Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 97 above.

99.     Denied.  The allegations contained in paragraph 99 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

100.     Denied.  The allegations contained in paragraph 100 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

101.     Denied.  The allegations contained in paragraph 101 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

102.     Denied.  The allegations contained in paragraph 102 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

103.     Denied.  The allegations contained in paragraph 103 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

## Count XI

### Alleged Civil Conspiracy

104.     Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 103 above.

105.     Denied.  The allegations contained in paragraph 105 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

106.     Denied.  The allegations contained in paragraph 106 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

107.     Denied.  The allegations contained in paragraph 107 of the complaint refer to a party other than Syneron and, therefore, no responsive pleading is required.

**Count XII**

**Alleged Claim For Accounting**

108.      Denied.   Syneron incorporates by reference as if set forth at length herein its answers to paragraphs 1 through 107 above.

109.      Denied.   As to Syneron, the allegations contained in paragraph 109 of the complaint constitute conclusions of law to which no responsive pleading is required.   With respect to the allegations contained in paragraph 109 of the complaint that pertain to Tringali and Willner, Syneron denies those allegations as not pertaining to Syneron.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' complaint fails to state claims upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' purported claims and/or damages are the result of the actions of Tringali and Willner, over whom Syneron had no control or duty to control.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is barred, in whole or in part, because some or all of plaintiffs lack standing to assert claims against Syneron.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is barred, in whole or in part, by the actions or inactions of plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

No act or omission of Syneron caused plaintiffs to suffer any damages.

18

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs suffered any damages, the same being specifically denied, those damages were caused by persons and/or entities over whom Syneron had no control or duty to control.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs suffered any damages, the same being specifically denied, those damages were caused by the acts or omissions of plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs suffered any damages, which Syneron denies, plaintiffs failed to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred, in whole or in part, by the negligence of plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred, in whole or in part, by plaintiffs' failure to join an indispensable party.

## TWELFTH AFFIRMATIVE DEFENSE

Neither Tringali nor Willner were employees or otherwise under the control of Syneron at any time.

## THIRTEENTH AFFIRMATIVE DEFENSE

Syneron reserves the right to supplement these affirmative defenses.

WHEREFORE, defendant, Syneron, Inc., prays for the following relief:

1.     Judgment in its favor and against plaintiffs on the claims set forth in the complaint;

19

2.    An award of attorneys' fees and costs of suit incurred in the defense of this

action; and

3.    Such other relief as the Court deems just and proper.

### COMMON LAW CROSS-CLAIM OF DEFENDANT
### SYNERON, INC. FOR CONTRIBUTION AND INDEMNIFICATION
### AGAINST DEFENDANTS RORY TRINGALI AND MATHEW JUSTIN WILLNER

Defendant/cross-claim plaintiff, Syneron, Inc. ("**Syneron**"), by and through its attorneys,

as provided for in Federal Rule of Civil Procedure 13(g), hereby asserts the following cross-

claim at common law against defendants, Rory Tringali ("**Tringali**") and Mathew Justin Willner

("**Willner**") (collectively, the "**cross-claim defendants**"), and states as follows:

1.    On or about, July 9, 2008, plaintiffs, Medpro, Inc. ("**Medpro**"), Physicians

Information Services, Inc. ("**PIS**"), Michael Moreno ("**Moreno**") and Justin Williams

("**Williams**") (collectively, the "**plaintiffs**"), filed a complaint against Syneron, Tringali and

Willner.  The complaint purports to assert claims against Syneron.

2.    If Syneron is found wholly or partially liable to plaintiffs on any claim set forth in

the complaint against Syneron (any liability on the part of Syneron being specifically denied),

then one or more of the cross-claim defendants are solely liable to plaintiffs, jointly and severally

liable with Syneron, or liable over to Syneron for contribution and/or indemnity, together with

interest, costs of suit and such further relief as the Court deems just and proper.

WHEREFORE, defendant/cross-claim plaintiff, Syneron, Inc., prays for the following

relief:

1.    Judgment in its favor and against plaintiffs on the claims set forth in the

complaint;

2.    In the alternative and only if plaintiffs obtain a judgment against Syneron,

Inc., judgment against cross-claim defendants, Rory Tringali and Mathew

20

Justin Willner, that they are solely liable over to the plaintiffs, jointly and severally liable to the plaintiffs with Syneron, Inc., or liable over to Syneron, Inc. for contribution and/or indemnification;

3.     An award of attorneys' fees and costs of suit incurred in the defense and/or prosecution of this action; and

4.     Such other relief as the Court deems just and proper.

_____
SCOTT L. VERNICK
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103

Attorneys for Defendant/Cross-Claim Plaintiff
Syneron, Inc.

## LOCAL RULE 11.2 CERTIFICATION

I certify that the matter in controversy is not the subject of any other known action pending in any court, or of any pending arbitration, or of administrative proceedings.

_____
SCOTT L. VERNICK
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone:   (215) 299-2000
Facsimile:   (215) 299-2150

Attorneys for Defendant/Cross-Claim Plaintiff
Syneron, Inc.

Dated: October 22, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

MEDPRO, INC. and PHYSICIANS          :          CIVIL ACTION NO. 08-CV-3426
INFORMATION SERVICES, INC., a Joint  :
Venture, MICHAEL MORENO, and         :          Judge Jerome B. Simandle
JUSTIN WILLIAMS,                     :
                                     :
                    Plaintiffs,      :
                                     :
          v.                         :
                                     :
SYNERON, INC., RORY TRINGALI and     :
MATHEW JUSTIN WILLNER,               :
                                     :
                    Defendants.      :

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing answer with affirmatives defenses and cross-claim of defendant, Syneron, Inc., to plaintiffs' complaint was served this day via first-class mail, postage pre-paid, as follows:

Gina M. Zippilli, Esquire
Cureton Clark
3000 Midatlantic Drive, Suite 200
Mt. Laurel, NJ 08054

Alan L. Zegas, Esquire
Law Offices of Alan L. Zegas
552 Main Street
Chatham, New Jersey 07928

Mr. Rory Tringali
5124 Bottlebrush Street
Delray Beach, Florida 33484

_____
SCOTT L. VERNICK, ESQUIRE

Dated: October 22, 2008