```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MEDPRO, INC., et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 08-3426 (JBS/KMW) |
| v. |  |
| SYNERON, INC., et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Warren S. Wolf, Esq.
GOLDBERG & WOLF, LLC
1949 Berlin Road, Ste 201
Cherry Hill, NJ 08003
    and
Jerald R. Cureton, Esq.
Gina M. Zippilli, Esq.
CURETON CLARK, PC
3000 Midlantic Drive, Suite 200
Mt. Laurel, NJ 08054
    Attorneys for Plaintiffs Medrpo, Inc., Physicians
Information Services, Inc., Michael Moreno, and Justin Williams

Scott Lee Vernick, Esq.
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
    Attorney for Defendant Syneron, Inc.

Lawrence A. Leven, Esq.
175 Fairfield Avenue, Unit 1C
West Caldwell, NJ 07006
    Attorney for Defendant Rory Tringali

Alan L. Zegas, Esq.
LAW OFFICES OF ALAN ZEGAS
552 Main Street
Chatham, NJ 07928
    and
Ken Harrison Robbins, Esq.
LAW OFFICES OF KENT HARRISSON ROBBINS
1224 Washington Avenue

Miami Beach, FL 33139
Admitted pro hac vice
     Attorneys for Defendant Matthew Justin Willner

**SIMANDLE,** District Judge:

**I.   INTRODUCTION**

   This matter is before the Court on Defendant Matthew Justin Willner's motion to transfer case to Southern District of Florida.  [Docket Item 73.]  Defendant Willner argues that venue should be transferred pursuant to 28 U.S.C. § 1404(a) because the Southern District of Florida is the more convenient forum and the interests of justice favor transfer.  The Plaintiffs jointly oppose this motion and argue that venue should remain in New Jersey.  Defendant Syneron and Defendant Tringali also oppose this motion and maintain that New Jersey is the proper venue for this action.

   For the reasons discussed herein, the Court will deny Defendant Willner's motion to transfer and venue will remain in the District of New Jersey.

**II.  BACKGROUND**

   The instant action arises out of alleged unlawful competition between Medpro, Inc. and Syneron, Inc., companies which are both involved in the selling of medical equipment. This alleged unlawful conduct by Syneron and co-defendants Rory Tringali and Matthew Justin Willner includes disruption and impairment of Medpro's computer services and sending large bulk

quantities of unsolicited emails.

Plaintiffs Medpro, Inc., Physicians Information Services, Inc., Michael Moreno, and Justin Williams (collectively "the Plaintiffs") filed the instant complaint in the District of New Jersey on July 9, 2008.  [Docket Item 1.]  The complaint alleges Defendants Syneron, Inc., Rory Tringali and Matthew Justin Willner: (1) violated the Computer Fraud and Abuse Act of 1986; (2) violated the Lanham Act; (3) engaged in common law infringement and unfair competition; (4) violated the New Jersey Unfair Competition Statute; (5) converted plaintiffs' property; (6) engaged in tortious interference with prospective business relationships; (7) engaged in a trespass to chattels; (8) violated the New Jersey Computer Fraud Act; and (9) violated the Can Spam Act.

The parties in this case are diverse.  Medpro is a New Jersey corporation with its principal place of business in New Jersey.  Michael Moreno is the sole owner of Medpro and is a resident of New Jersey.  Physicians Inc. is a Utah corporation with its principal place of business in Utah.  Justin Williams is a Utah resident and is the sole owner of Physicians Inc. Defendant Syneron is a foreign corporation organized under the law of Israel and has a United States sales office in California. Defendant Tringali is a resident of the State of New York currently residing in Hicksville, New York.  [Docket Item 35.]

Defendant Willner is an individual and resident of Miami Beach, Florida.

On October 22, 2008, Defendant Syneron filed an answer with affirmative defenses, and a cross-claim against Defendant Tringali and Defendant Willner respectively. [Docket Item 12.]

On October 27, 2008, Defendant Willner filed a motion to stay the instant action pending the outcome of pending criminal proceedings brought by the State of New Jersey against Defendant Willner and Defendant Tringali. [Docket Item 15.]  New Jersey indicted both Willner and Tringali for several offenses, including computer theft.  Willner argued that a stay was appropriate because the pending New Jersey criminal case "involves many of the same facts - if not the exact same facts - as those sought by Plaintiff MedPro, Inc. in connection with its Complaint. . ." [Docket Item 15, Def. Willner's Br. at 2.]  The Court granted this stay on December 3, 2008.

Defendant Willner pled guilty to these criminal charges; however, Willner's plea agreement reserved the issue of territorial jurisdiction.  Defendant Tringali's indictment was withdrawn in 2008 and the State then re-indicted Tringali in April, 2011, on the same charges brought in the original indictment.  Tringali has not pled guilty to the charged offenses and the criminal case remains pending.  Therefore, Willner can withdraw his plea if Tringali succeeds in his challenge to the

territorial jurisdiction of the indictment.  In the course of New Jersey's criminal investigation, several documents and computers belonging to Syneron, Willner and Tringali were seized and are currently in New Jersey state custody.  [Docket Item 72]

In response to Willner's guilty plea, Syneron filed a motion to lift the stay.  The stay was subsequently lifted on September 22, 2011. [Docket Item 72.]

Defendant Willner then filed the instant motion to transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  [Docket Item 73.]  Defendant Willner argues that the case could have originally been brought in the Southern District of Florida and the private and public interest factors weigh strongly in favor of transfer.  Specifically, Willner argues that the cause of action arose in Florida, the convenience of the parties and the witnesses favor a Florida venue, and Florida law will likely apply.

Plaintiffs, Defendant Syneron and Defendant Tringali oppose this motion to transfer.  They maintain that New Jersey is the preferred forum, New Jersey and Florida both have ties to the facts and issues in the case so therefore where the claims arose is not persuasive, and the convenience of the parties and witnesses weighs against transferring the case to Florida.  Further, due to the pending criminal action, New Jersey has taken custody of many of the important computers and documents at issue

in the case.  Finally, the Plaintiffs and Defendant Syneron argue that Plaintiffs' complaint alleges violation of New Jersey statutory law which weighs in favor of maintaining venue in New Jersey.  Defendant Tringali opposes this motion primarily because he is a resident of the State of New York and joins in Defendant Syneron's legal arguments.

### III.  DISCUSSION

#### A.  Standard of Review

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." § 1404(a).  The moving party bears the burden of establishing the need for a transfer.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)

The Court must consider all relevant public and private interests, and not just the three enumerated factors in § 1404(a).  Jumara, 55 F.3d at 879.  Ultimately, "the plaintiff's choice of forum will not be disturbed unless the balance of interest tilts strongly in favor of a transfer."  Reed, 166 F. Supp. 2d at 1057 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

None of the parties dispute that this case could have been brought in Defendant's desired forum, so the question is limited

to an examination of the relevant public and private interest factors.

### B. Private Interest Factors

The private interests a court must analyze in determining a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) include (1) plaintiff's choice of forum; (2) the defendant's preference (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the extent to which any witnesses might not be available for trial in the chosen forum; (6) the extent to which books and records could not be produced in the chosen forum. Jumara, 55 F.3d at 879.

In this case, the private interest considerations weigh against transfer.

First, the Plaintiffs filed the instant action in New Jersey. The Plaintiffs have also filed opposition to this motion which affirms their desire to litigate this matter in New Jersey. "While the plaintiff's choice of forum is clearly not entitled to dispositive weight in the § 1404(a) calculus, it is black letter law that 'the plaintiff's choice of venue should not be lightly disturbed.'" Yocham v. Novartis Pharms. Corp., 565 F. Supp. 2d 554, 558 (D.N.J. 2008)(citations omitted).

While Defendant Willner prefers to litigate this action in Florida, Defendant Syneron, Inc. and Defendant Tringali oppose

this motion and desire to defend this matter in New Jersey.  The court particularly recognizes that Tringali's place of residence is Hicksville, New York which is in closer proximity to New Jersey than Florida and Tringali is currently facing criminal charges in New Jersey for the same conduct alleged in this civil complaint.  Therefore, the second factor of the private interests analysis weighs against transfer.

It is disputed where the claim arose.  Defendant Willner contends that the principal allegations of the complaint arose from alleged unlawful conduct by the Defendants from November 2006 through February 2007 in Florida.  However, the Plaintiffs also bring claims alleging violations of the New Jersey Computer Fraud Act and the New Jersey Unfair Competition Statute which arguably arose in New Jersey and ultimately harmed a New Jersey corporation.  It is clear that both Florida and New Jersey have ties to the facts and issues involved in this case.  Therefore, this factor does not favor either venue.  See Yocham, 565 F. Supp. 2d at 559 (where plaintiff's claim had ties to both Texas and New Jersey, considerations of where plaintiff's claim arose did not favor either venue).

The only party claiming inconvenience in this case is Defendant Willner.  Defendant Syneron and Defendant Tringali argue in opposition that New Jersey is the more convenient forum.  Therefore, this factor does not weigh in favor of transfer.

The convenience of witnesses is determined by unavailability at trial. Jumara, 55 F.3d at 879. Defendant Willner has not provided any evidence to the court that witnesses have refused to testify or witnesses would consequently be unavailable in New Jersey. Therefore, this factor does not weigh in favor of a Florida venue.

Finally, the location of computers and documents does not strongly support a transfer of venue. In this case, it is undisputed that important documents and computers are located in both Florida and New Jersey. However, Defendant Willner's computers are currently being held in custody by the State of New Jersey as a result of his guilty plea in his New Jersey criminal proceeding. Furthermore, criminal proceedings are still pending against Defendant Tringali and the State of New Jersey also has custody of documents belonging to Tringali and MedPro as part of the ongoing criminal prosecution. Therefore, as New Jersey currently has custody of numerous important documents and computers in this case, transferring this matter to Florida would cause unnecessary burden and complication.

Accordingly, the private interest factors weigh against transferring this case to Florida.

**C. Public Factors**

The public interests include: (1) the enforceability of the judgment; (2) practical considerations of the trial; (3) court

congestion; (4) local interest in deciding local controversies; (5) public policies of the fora; (6) and familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80 (citations omitted).  Jumara, 55 F.3d at 879.

Similar to the private interest factors, the public interest factors also favor retaining venue in New Jersey.

First, a judgment in this case would be equally enforceable in New Jersey and Florida.  The parties do not argue that court congestion or public policy are impacted in this case and therefore these factors are neutral in the court's analysis.  In addressing the interest of deciding local controversies at home, the alleged wrongful conduct occurred in Florida and two of the plaintiffs are New Jersey residents.  As both New Jersey and Florida have an interest in this litigation, this factor is also neutral.

While Defendant Willner maintains that the substantive law of Florida likely applies to Plaintiffs' claims and to the counterclaims presented against Plaintiffs, a court would need to eventually engage in a choice of law analysis and analyze both New Jersey and Florida law in determining this case.  In addition, the Plaintiffs bring two claims under New Jersey statutes which inevitably involve the law of New Jersey.  Therefore, this factor does not weigh in favor of transfer and at best is neutral.

Importantly, the practical considerations involved in this litigation strongly favor retaining venue in New Jersey.  New Jersey is currently prosecuting Defendant Willner and Defendant Tringali for criminal charges arising out of the same facts and circumstances alleged in this civil complaint.  Defendant Willner has already pled guilty[1] and Defendant Tringali's criminal proceedings are currently pending.  As mentioned above, New Jersey has already seized many of the relevant computers and documents in this case.  "It would be incongruous, indeed, if the criminal action . . . proceeded in this District while the private civil action was dismissed on forum non conveniens grounds." In re Livent, Inc. Sec. Litig., 78 F. Supp. 2d 194, 212 (S.D.N.Y. 1999).

## IV. CONCLUSION

For the reasons discussed above, Defendant Willner's motion to transfer is denied.  Ultimately, "the plaintiff's choice of forum will not be disturbed unless the balance of interest tilts strongly in favor of a transfer."  Reed, 166 F. Supp. 2d at 1057 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).  In this case, the balance of private and public interests do not

---

[1] The Court recognizes that Defendant Willner incorporated his reservation that New Jersey is the wrong territorial venue into his guilty plea agreement.  However, this does not change the circumstances surrounding the instant motion as Defendant Tringali is indicted for and currently defending criminal charges in New Jersey and New Jersey currently has custody of several important computers and documents relevant to this case.

strongly outweigh the Plaintiffs' choice of forum.  Therefore, transfer is inappropriate and Defendant Willner's motion is denied.

    The accompanying Order will be entered.

**December 14, 2011**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                      United States District Judge